UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE WILLIAMS, JR,          )
                             )
    Petitioner,          )
                             )
vs.                          )  Case No: 4:12CV1914HEA
                             )
JENNIFER SACHSE,             )
                             )
    Respondent.          )

## OPINION, MEMORANDUM AND ORDER

### Introduction

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. §

2254.  Respondent filed her Response to the Court's Order to Show Cause why

relief should not be granted, arguing that the petition is time-barred under the

Antiterrorism and Effective Death Penalty Act (AEDPA).  Pursuant to Rule 8 of

the Rules Governing Section 2254 Cases in the United States District Courts, this

Court has determined that an evidentiary hearing is not warranted. For the reasons

explained below, Respondent's' Response is well taken because the petition is

barred by AEDPA's one-year statute of limitations.

### Procedural Background

On November 19, 2001, Petitioner pled guilty to two counts of sale of a

controlled substance in the Circuit Court of Scott County, Missouri.  Petitioner was

sentenced to two consecutive 13 year sentences. Petitioner did not file a direct appeal. Petitioner did file a Motion to Vacate, Set Aside or Correct Judgment or Sentence on April 5, 2002, based on allegations of ineffective assistance of counsel. The motion was denied on June 29, 2004. Petitioner filed his appeal, with leave of court for late filing, to the Missouri Court of Appeals, Southern District on September 08, 2004. The Judgment of the motion court was affirmed on May 10, 2005. Petitioner filed a state habeas petition on August 9, 2012. This was denied on September 25, 2012. Petitioner filed nothing between May 10, 2005 and August 9, 2012. Thus, that time would not toll the limitation period.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on October 12, 2012. Petitioner alleges  actual innocence and ineffective assistance of counsel. Respondent claims this petition is not properly filed within AEDPA's applicable one-year limitation period.

## Statute of Limitations

A person in custody pursuant to a state court judgment may petition a federal district court for a writ of habeas corpus on the ground that he or she is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254.

Under Antiterrorism and Effective Death Penalty Act, (AEDPA), 28 U.S.C. § 2244(d)(1), a petition for writ of habeas corpus must be filed within one year, which, absent circumstances not present in this case, begins to run from:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or] (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

The statute of limitations on Petitioner's claims began to run under § 2244(d)(1)(A) when his state judgment became final because § 2244(d)(1)(D) does not apply to any of Petitioner's claims.   In the event a state post-conviction action or other collateral review is pending, the running of the time to file is tolled.  28 U.S.C. § 2244(d)(2).  Thus, Petitioner had until January, 2006 to initial this action.

Thus, AEDPA's statute of limitations, in the absence of tolling, expired in January, 2006.  Because Petitioner did not file this federal habeas petition until October 18, 2012, this petition is time-barred unless it is entitled to statutory or equitable tolling.

## Tolling

Under AEDPA, "[t]he one-year statute of limitations is tolled in accordance with § 2244(d)(2) while a 'properly filed application for State post-conviction or other collateral review ... is pending.'" *McMullan v. Roper*, 599 F.3d 849, 852 (8th Cir. 2010) (quoting *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002)). "To qualify as a 'properly filed' application for state post-conviction relief, so as to toll the statute of limitation under § 2244(d)(2), the application must be 'in compliance

with the applicable laws and rules governing filings.'" *Id*. at 853 (quoting *Artuz v. Bennett,* 531 U.S. 4, 8 (2000)). "A properly filed application is one that meets all of the state's procedural requirements." Id. (quoting *Beery v. Ault*, 312 F.3d 948, 950-51 (8th Cir. 2002)). "Collateral review" of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process. *Wall v. Kholi*, 562 U.S. 545, 551-53, 556 (2011) (finding motion to reduce sentence under Rhode Island law triggered tolling). However, "[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations." *McMullan*, 599 F.3d at 852. Similarly, the time from when a state post-conviction challenge is final and when a federal habeas petition is filed does not result in tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding federal habeas review is not within the meaning of § 2244(d)(2)); see also *Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005).

Because over one year had run on Petitioner's time to file a federal petition, the petition is time barred.

## Equitable Tolling

Petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Muhammad v. United States*, 735 F.3d

812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Equitable tolling is an extraordinary remedy. See *id.*; see also *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Muhammad*, 735 F.3d at 816 (quoting *Holland*, 560 U.S. at 653).

Petitioner does not specifically argue that the statute of limitations should be equitably tolled. He maintains, however, that he was working on his state claims. He does not specifically allege any filings between 2005 and 2012. Likewise, his claims of being intimidated by the prosecutor are entirely unsupported and controverted by the fact that Petitioner filed his state post-conviction motion and appeal thereof. Petitioner is not entitled to equitable tolling because he has not made a sufficient showing of diligence or that some extraordinary circumstance stood in his way to prevent a timely filing. Thus, his federal habeas petition is barred from review.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on

procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of February, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE